

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOSHUA LEE CHRISTOPHER,

    Petitioner,

v.      Criminal Action No. 2:13cr117
    Civil Action No. 2:15cv302

UNITED STATES of AMERICA,

    Respondent.

## OPINION & ORDER

This matter came before the Court on Petitioner Joshua Lee Christopher's ("Petitioner's") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), Docs. 48, 64, 69, and the United States of America's (the "Government's") Motion to Dismiss Defendant's § 2255 Motion ("Motion to Dismiss"), Doc. 73. The Court **GRANTED** an evidentiary hearing on part of Petitioner's § 2255 Motion, made findings on the record, and **DENIED** Petitioner's § 2255 Motion. This Opinion & Order addresses both the findings at the evidentiary hearing and the Court's reasons for **DENYING** the remainder of the § 2255 Motion.

### I.    BACKGROUND

On March 18, 2014, the Government filed a criminal information charging Petitioner with one (1) count of Conspiracy to Distribute and Possess with Intent to Distribute Fifty (50) Grams or More of Methamphetamine, in violation of 21 U.S.C. § 846. Doc. 27. Petitioner pled

1

guilty to the offense on March 19, 2014. Doc. 30. On July 7, 2014, this Court sentenced Petitioner to two hundred forty (240) months imprisonment. Doc. 40.

On June 24, 2015, Petitioner filed a notice of appeal. Doc. 44. He subsequently filed the instant § 2255 Motion on July 9, 2015. Doc. 48.[1] On November 17, 2015, the Fourth Circuit granted the Government's Motion to Dismiss the appeal "based on the waiver in the plea agreement and because the notice of appeal was not timely filed." Doc. 60. On November 19, 2015, this Court issued a Notice & Order advising Petitioner that he had thirty (30) days to submit a memorandum of law in support of the instant § 2255 Motion. Doc. 62. On December 9, 2015, the Fourth Circuit issued its mandate regarding Petitioner's appeal. Doc. 63.

Petitioner filed a memorandum in support of the instant § 2255 Motion on December 21, 2015. Doc. 64. He also filed a Motion to Appoint Counsel, Doc. 65, which the Court DENIED, Doc. 66. On January 6, 2016, this Court ORDERED the Government to respond to the instant § 2255 Motion. Doc. 67. The Government filed its opposition on March 3, 2016. Doc. 68. On June 10, 2016, Petitioner sent a letter motion to the Court, Doc. 69, which the Court CONSTRUED on June 21, 2016, as an addendum to the instant § 2255 Motion, see Doc. 70. On August 22, 2016, the Government sought a stay pending the Supreme Court's decision in Beckles v. United States regarding whether the Guidelines are subject to vagueness challenges. Doc. 71. On December 13, 2016, this Court GRANTED the stay. Doc. 72. On March 27, 2017, after the Supreme Court decided Beckles, the Government filed a Motion to Dismiss the instant § 2255 Motion. Doc. 73. On May 2, 2017, the Court FOUND that an evidentiary hearing is

---

[1] The Motion technically does not have a mailing date, but it has two (2) places for the date and only one (1) place for the signature. Considering that this is a pro se motion, the Court **CONSTRUES** the date and signature as indicating that Petitioner both finished and mailed this document on July 6, 2015, especially since such date is credible considering the filing date.

2

necessary on ineffective assistance of counsel and appointed counsel for Petitioner pending the evidentiary hearing. Doc. 75.

## II. LEGAL STANDARD

### A. § 2255

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors, which would otherwise "inherently result[] in a complete miscarriage of justice." United States v. Addonizio, 422 U.S. 178, 185 (1979). In order to move the Court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was imposed in violation of the Constitution or laws of the United States; (2) that the Court was without jurisdiction to impose such a sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petitioner bears the burden of proving his grounds for collateral review of his sentence by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998). "Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief." United States v. Witherspoon, 231 F.3d 923, 925-26 (4th Cir. 2000); see also 28 U.S.C. § 2255(b).

A prisoner must file a § 2255 motion within a one (1) year period of limitation, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The scope of a § 2255 collateral attack is far more limited than an appeal, and thus a "collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Id. at 167. Although the doctrine of procedural default generally bars claims not previously raised, a freestanding claim of ineffective assistance of counsel may be properly asserted for the first time in a § 2255 petition. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

**B.     Johnson v. United States**

On June 26, 2015, the Supreme Court in Johnson v. United States held that the residual clause in 18 U.S.C. § 924(e) of the Armed Career Criminal Act ("ACCA") defining a "crime of violence" was unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). On April 18, 2016, the Supreme Court in Welch v. United States made Johnson retroactive. 136 S. Ct. 1257, 1268 (2016). Applying the time limit of 28 U.S.C. § 2255(f)(3), prisoners' § 2255 motions claiming retroactive applicability of Johnson were timely if filed by Monday, June 27, 2016.[2]

**C.     Beckles v. United States**

On March 6, 2017, the Supreme Court issued its opinion Beckles v. United States, 137 S. Ct. 886, 890 (2017), and declined to extend Johnson to the advisory guidelines. Specifically, the Supreme Court held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." Id. Thus, the Court declined to permit a challenge to U.S. Sentencing

---

[2] June 26, 2016, one year from the Supreme Court's Johnson decision, was a Sunday. A filing deadline falling on a Sunday is extended to the following Monday. See Fed. R. Civ. P. 6(a)(1)(C); Fed. R. Crim. P. 45(a)(1)(C).

4

Guidelines Manual ("U.S.S.G.") § 4B1.2(a) (U.S. Sentencing Comm'n). Id. at 890–92.

### III. ANALYSIS

#### A. Ineffective Assistance of Counsel

Petitioner must meet the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The first prong requires that Petitioner "'show that counsel's representation fell below an objective standard of reasonableness.'" Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000) (quoting Strickland, 466 U.S. at 688). Petitioner's counsel is entitled to a "'strong presumption'" that his strategy and tactics fell "'within the wide range of reasonable professional assistance.'" United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (quoting Strickland, 466 U.S. at 689). The objectiveness of counsel's assistance is based on counsel's perspective at the time of the alleged error and in light of all the circumstances, under a "highly deferential" standard. Roane, 378 F.3d at 404–05 (quoting Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)).

The second prong of the Strickland test requires that Petitioner demonstrate prejudice by showing "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bacon, 225 F.3d at 478 (quoting Strickland, 466 U.S. at 694). This requires that Petitioner show a "'probability sufficient to undermine confidence in the outcome.'" Roane, 378 F.3d at 405 (quoting Strickland, 466 U.S. at 694). Petitioner's failure to satisfy either of the two prongs renders it unnecessary to consider the other prong. Roane, 378 F.3d at 404.

In the Fourth Circuit, there are three discrete situations where per se Strickland prejudice occurs. Lentz v. Washington, 444 F.3d 295, 303 (4th Cir. 2006). First, there is the situation where a lawyer is absent at a critical stage of the proceedings. Id. Second, there is a constructive

denial of counsel, where counsel "fails to subject the prosecution's case to meaningful adversarial testing and thus might as well be absent from the proceedings." Id. at 303–04 (internal quotation marks and citation omitted). Finally, there is the situation where circumstances exist that "the likelihood that any lawyer . . . could provide effective assistance is so small that a presumption of prejudice is appropriate . . . " Id. at 304.

The right to effective assistance of counsel extends to the plea negotiation stage. Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." Id. (citing Missouri v. Frye, 132 S. Ct. 1399, 1410 (2012)). Where the alleged prejudice is the loss of a more favorable plea offer, the defendant must show that he would have accepted the earlier offer absent ineffective assistance. Id. at 1385. In addition, he must demonstrate a reasonable probability that the Government would have presented the plea to the court, that the court would have accepted the plea deal, and that the resulting sentence would have been lower than the actual sentence received. Id.

### i. Evidentiary Hearing

The primary accusation at issue in the evidentiary hearing was that Petitioner's original counsel James Short ("Mr. Short") failed to file a notice of appeal when Petitioner requested that he file one. His appellate counsel, Rebecca Colaw, argued in her appellate brief that Mr. Short failed to file a requested notice of appeal, Doc. 64 at 21 (page 19 of the memorandum), and Petitioner used that same brief as the basis for his § 2255 Motion, see id. at 1. Petitioner did not explain why he waited almost one (1) year to file a notice of appeal if he indeed wanted a notice filed after sentencing. In addition, the Government submitted an affidavit from Mr. Short stating that he discussed the possibility of an appeal with Petitioner after sentencing, and Petitioner "did

not wish to appeal." Doc. 68, Ex. B at 1. Thus, the Court **FOUND** that an evidentiary hearing was necessary in order to assess the credibility of the evidence.

At the evidentiary hearing, Mr. Short testified as to his representation of Petitioner and was examined by both counsel for Petitioner and counsel for the Government. He stated that he discussed the option of appealing with Petitioner at the lock up on the day of sentencing after the sentencing hearing had concluded. He observed that Petitioner was not necessarily happy with the sentence imposed but decided not to appeal, instead requesting that Mr. Short forward certain information from Petitioner's case to Petitioner's brother. Mr. Short also prepared a file memorandum two (2) days after sentencing which reflected what had occurred at the end of the case. The Court reviewed the file memorandum and entered it as Court's Exhibit 1.[3] On consideration of Mr. Short's testimony and Court's Exhibit 1, the Court **FOUND** that Mr. Short's testimony was credible, and accordingly, further **FOUND** that Petitioner had not asked Mr. Short to file a notice of appeal. Thus, the Court **DENIED** Petitioner's § 2255 Motion based on the alleged failure of Mr. Short to timely file a notice of appeal.

### ii. Further Allegations

The secondary accusations of ineffective assistance were that Mr. Short failed to provide him access to discovery he wanted and that his counsel failed to file a motion for a bond. Doc. 64 at 1. Petitioner's statement during the Rule 11 colloquy that he was fully satisfied with Mr. Short (Plea Tr. at 13:7–10) heavily undermines these allegations. Because Petitioner did not enter a sworn affidavit as to these allegations, nor did his appellate counsel sign her name to these arguments, the Court did not need to entertain them at an evidentiary hearing. Furthermore, the Court observes that Mr. Short addressed the discovery accusation in his

---

[3] At Petitioner's request, the Court also placed the exhibit under seal due to confidential and sensitive information contained within the memorandum.

affidavit, see Doc. 68, Ex. B at 1. Thus, based on Petitioner's statement during the Rule 11 colloquy in this matter and some evidence from Mr. Short, combined with the complete lack of evidence from Petitioner, the Court **FOUND** that there was no basis to establish ineffective assistance of counsel on these allegations.

B. **Johnson** Claim

Petitioner argues that the career offender enhancement to the guidelines does not apply to him in light of Johnson (and, implicitly, Welch). Doc. 48 at 5. Those cases grant relief to defendants sentenced under the ACCA, and Petitioner was not sentenced under the ACCA. Instead, Petitioner received an enhancement under the sentencing guidelines for being a career offender. His argument is that the "crime of violence" term in U.S.S.G. § 4B1.2(a) is void for vagueness, just as the same term was void in the ACCA. See id.

Petitioner cannot challenge the sentencing guidelines as vague. Beckles, 137 S. Ct. at 890. Beckles addressed this particular section of the sentencing guidelines, and its holding is squarely on point. See id. Accordingly, Petitioner cannot state any Johnson-style claim for relief.

IV.    **CONCLUSION**

As explained above, the Court **FOUND** that Mr. Short's testimony was credible, and accordingly, further **FOUND** that Petitioner had not asked Mr. Short to file a notice of appeal. Because those findings foreclosed one of the grounds for relief in Petitioner's § 2255 Motion, and because Petitioner failed to establish any other grounds for relief, the Court **DENIED** the instant § 2255 Motion.

Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural issue, the Court **DENIES** a certificate of appealability.

Petitioner is **ADVISED** that he may appeal this Opinion & Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. To proceed in forma pauperis on appeal, Petitioner must submit an application to proceed in forma pauperis to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to send a copy of this Opinion & Order to Petitioner and to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 11, 2017